**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DANISH CROWN AMBA,

    Plaintiff,

    v.

RUPARI FOOD SERVICES, INC.,

    Defendant.

Civil Action No. 10-4603 (MAS) (TJB)

**MEMORANDUM OPINION**

---

This matter comes before the Court on Defendant Rupari Food Services, Inc.'s ("Defendant" or "Rupari") Motion to Certify the November 19, 2015 Ruling for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 86.) Plaintiff Danish Crown Amba ("Plaintiff" or "Danish Crown") filed an opposition brief (ECF No. 87), and Defendant replied (ECF No. 88). The Court having carefully considered the parties' submissions, denies Defendant's Motion to Certify the November 19, 2015 Ruling for Interlocutory Appeal.

**I.**    **Legal Standard**

A district court has the discretion to grant a § 1292(b) certification if the order in question: "(1) involve[s] a controlling question of law, (2) offer[s] substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately [would] materially advance the ultimate termination of the litigation." *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (internal quotation marks omitted). The burden to demonstrate that certification is appropriate lies with the moving party. *Elec. Mobility Corp. v. Borns Sensors/Controls, Inc.*, 87 F. Supp. 2d 394, 398 (D.N.J. 2000). Interlocutory appeal is to be "used sparingly" and only in

"exceptional" circumstances that justify foregoing the normal procedure of appealing after final judgment. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

Substantial ground for difference of opinion exists when there is genuine doubt or conflicting precedent as to the correct legal standard. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 355, 360 (D.N.J. 2001). "[M]ere disagreement with [a] district court's ruling does not constitute a substantial ground for a difference of opinion within the meaning of [§] 1292(b)." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (internal quotation marks omitted). "The clearest evidence of substantial grounds for difference of opinion is where there are conflicting interpretations from numerous courts." *Knopick v. Downey*, 963 F. Supp. 2d 378, 398 (M.D. Pa. 2013) (internal quotation marks omitted). Rupari argues that there is substantial ground for a difference of opinion on the following two controlling questions of law: (1) "whether a court may look at *any* evidence regarding the parties' intent concerning a release provision contained in a 2009 settlement agreement (the "2009 Settlement Agreement") besides the release provision itself" and (2) "whether the Court properly ruled that, as a matter of law, Danish Crown is not barred from asserting the release provision in the 2009 Settlement Agreement as a defense to Rupari's Counterclaim concerning lost profits." (Def.'s Moving Br. 1-2, ECF No. 86-1.) As discussed below, the Court does not find a substantial ground for a difference of opinion with respect to these questions of law.

II. **Analysis**

A. **Courts Agree that Parol Evidence May Not Be Used to Construe an Unambiguous Release**

First, Defendant challenges New Jersey's parol evidence rule by asserting that there is substantial ground for difference of opinion as to "whether a court may look at *any* evidence regarding the parties' intent concerning a release provision contained in the [2009 Settlement

Agreement] besides the release provision itself." (*Id.* at 1-2.) In the November 16, 2015 Ruling, the Court acknowledged and analyzed the appropriate case law with respect to the issue of parol evidence. (Nov. 16, 2015, Tr. 21:5-15, ECF No. 89.) The Court finds no difference in opinion amongst any of those decisions. All of these decisions dictate that a court should exclude parol evidence in the absence of ambiguity. In addition, Rupari has not identified any conflicting authority on this issue. Therefore, the Court finds that Rupari has not demonstrated a substantial ground for difference of opinion.[1]

### B. Courts Agree that a Party is Not Barred from Asserting an Affirmative Defense in Response to a Motion for Summary Judgment in the Absence of Prejudice

Second, Defendant asserts that there are substantial grounds for appealing the Court's ruling that "with respect to Defendant's equitable argument and argument pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Court finds that Defendant had sufficient opportunity to take discovery regarding the Release Agreement, therefore Defendant was not prejudiced by Plaintiff's delay in asserting this defense." (Def.'s Reply Br. 5-6, ECF No. 88.) In particular, Defendant argues that there is substantial ground for difference of opinion as to whether the following constitute prejudice: (1) the need to reopen discovery; and (2) the fact that Rupari paid over $200,000 to settle Danish Crown's claim for breach of the December 2008 Back Ribs Agreement. (Def.'s Moving Br. 21-22; Def.'s Reply Br. 10.) While it is clear that Defendant disagrees with the Court's ruling regarding prejudice, Defendant fails to identify any substantial

---

[1] In its Moving Brief in support of its motion for certification of an interlocutory appeal, Defendant, for the first time, argues that the Release is ambiguous. (Def.'s Moving Br. 16-17.) Because Defendant did not raise this argument in either of the two rounds of summary judgment briefing, this argument was waived and may not be argued on appeal. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 215 F.3d 407, 419 n.14 (3d Cir. 2000) (collecting cases regarding waiver of arguments not raised in district court).

3

ground for difference of opinion regarding a controlling question of law. *See Kapossy*, 942 F. Supp. at 1001 ("[M]ere disagreement with [a] district court's ruling does not constitute a substantial ground for a difference of opinion within the meaning of [§] 1292(b).").

Moreover, the issue of prejudice is not controlling with respect to Defendant's assertion of judicial and equitable estoppel. Regardless of whether Defendant was prejudiced by Plaintiff's failure to assert the Release Defense as an affirmative defense, the doctrines of judicial and equitable estoppel are inapplicable. Judicial estoppel, which is premised on maintaining the integrity of the courts, requires that a party take a position that is inconsistent with a position that it previously took, and that was embraced by the court. *See New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001) (discussing purpose of doctrine and noting that "[a]bsent success in a prior proceeding, a party's later inconsistent position, introduces no risk of inconsistent determinations") (internal quotation marks omitted). Here, Defendant contends that Count One of Plaintiff's Complaint is inconsistent with Plaintiff's release defense. The Court did not, however, rule on Count One of the Complaint. The parties settled Count One before any motion practice commenced in this action. Accordingly, judicial estoppel is not applicable.

Likewise, the doctrine of equitable estoppel is inapplicable. Equitable estoppel requires showing, inter alia, the concealment of a material fact. *Eileen T. Quigley, Inc. v. Miller Family Farms, Inc.*, 266 N.J. Super. 283, 296 (App. Div. 1993) ("Equitable estoppel requires proof of misrepresentation of material facts, or concealment thereof, known to the party sought to be estopped and unknown to the party claiming estoppel . . . ."). Defendant did not argue that Plaintiff concealed any fact regarding the Release, rather Defendant argues that Plaintiff concealed its "present theory that the scope of the release provision in the 2009 Settlement Agreement included all claims related to rib agreements." (Def.'s Reply Br. 21 (emphasis added).) Because Defendant

has not asserted that Plaintiff concealed any material fact, the doctrine of equitable estoppel is inapplicable.

Accordingly, Rupari has failed to meet the second prong requiring a substantial ground for difference of opinion with respect to either the exclusion of parol evidence or permitting Plaintiff to raise the Release Defense.

## III.   Conclusion

For the reasons set forth above, Defendant's Motion to Certify the November 19, 2015 Order for Interlocutory Appeal is denied. The Court will issue an Order consistent with this Memorandum Opinion.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: February 1st, 2016