UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 5000
TRENTON, NJ 08608
609-989-2009

Not for Publication

LETTER OPINION & ORDER

March 2, 2016

VIA CM/ECF
All counsel of record

  Re: *Danish Crown AMBA v. Rupari Food Services, Inc.*
     Civil Action No. 10-4603 (MAS) (TJB)

Dear Counsel:

This matter comes before the Court on Plaintiff Danish Crown Amba's ("Plaintiff" or "Danish Crown") motions in limine. (ECF Nos. 98, 99.) Defendant Rupari Food Services, Inc. ("Defendant" or "Rupari") filed opposition briefs. (ECF Nos. 103, 104.) For the reasons set forth below, the Court denies Plaintiff's motions.

**I. Background**

This action arises from an installment contract, which is referred to by the parties as the "2009 Back Rib Agreement." Under this contract, Danish Crown agreed to deliver and Rupari agreed to accept and purchase, approximately 6.6 million pounds of wide back pork ribs in installments beginning in January 2009. On or about January 25, 2010, and February 26, 2010, Rupari received loads of ribs pursuant to the contract, which it alleges did not comply with the specifications in the contract. (Def.'s Non-Conformities Opp'n Br. 2-3, ECF No. 104.) The alleged non-conformities include, *inter alia*, "racks that were cut down, leaving less than the 11

bone minimum in the Specifications." (*Id.* at. 2.)  Despite these alleged production issues, Plaintiff continued to deliver product to Rupari pursuant to the contract until April 2010.

II.   **Analysis**

   A.   **Motion to Exclude Evidence Regarding Non-Conforming Products**

Plaintiff's first motion in limine seeks to exclude evidence related to: "(1) alleged non-conformities with installments delivered by Danish Crown, and accepted by Rupari, under the 2009 Back Rib Agreement; (2) alleged non-conformities with wide ribs delivered under prior contracts between the parties; and (3) alleged non-conformities with a different product, narrow ribs, delivered under a different contract between the parties." (Pl.'s Non-Conformities Moving Br. 1, ECF No. 98-1.)  Plaintiff argues that this evidence should be excluded because it is irrelevant, or alternatively, even if it is relevant, the danger of it confusing issues and misleading the jury outweighs its probative value. (*Id.* at 2.)

Specifically, with respect to evidence regarding prior installments under the 2009 Back Rib Agreement, Plaintiff argues that this evidence is irrelevant, because it is undisputed, based on Defendant's response to the Rule 56.1 statement, that "[p]rior to March 2010, Rupari had never rejected an entire installment of ribs from Danish Crown," and as a consequence, under the UCC, Rupari may not rely on non-conformities in those installments to terminate the contract. (*Id*. at 3-9.)  As an initial matter, Rupari disputes that it "accepted" the prior installments that contained non-conforming product. (Def.'s Non-Conformities Opp'n Br. 7, ECF No. 104.)  In particular, Rupari argues that it "is not bound by a conditional admission in a summary judgment opposition that it never rejected a shipment." (*Id.*)  The Court agrees.  Local Rule 56.1(a) provides that "any material fact not disputed shall be deemed undisputed *for the purposes of the summary judgment motion.*" L. Civ. R. 56.1(a) (emphasis added). Thus, the statements contained

2

in Defendant's response to Plaintiff's Rule 56.1 statement do not constitute binding admissions, and the Court finds that a dispute remains as to whether Rupari "accepted" the prior installments. *See also Abbott Labs. v. Lupin Ltd.*, No. 10-1578, 2012 WL 1994477, at *4 (D.N.J. June 4, 2012) (finding that "statements contained in the Plaintiffs' Summary Judgment briefs do not constitute binding admissions"). Accordingly, the Court finds that the evidence regarding non-conformities in prior installments is admissible.

Furthermore, Rupari argues that its acceptance of prior installments, even if established, does not preclude its reliance on non-conformities in those installments to terminate the contract. Given that it is disputed as to whether Rupari "accepted" the prior installments, the Court does not reach this issue.[1] The Court does, however, note that the Official Comment to N.J.S.A. § 12A:2-612, which is titled "installment contracts; breach," states that "[i]t is clear under this Article . . . that defects in prior installments are cumulative in effect, so that acceptance does not wash out the defect 'waived.'" *Id*. cmt. 6. Accordingly, this evidence appears probative notwithstanding Rupari's alleged acceptance of the prior installments.

Next, with respect to the evidence regarding non-conformities with wide ribs and narrow ribs delivered under other contracts between the parties, Plaintiff argues that this evidence is impermissible character evidence and must be excluded under Rule 404 of the Federal Rules of Civil Procedure. (Pl.'s Non-Conformities Moving Br. 11.) In its opposition Rupari argues that this evidence is probative on the issue of habit, and thus it is admissible pursuant to Rule 406 of

---

[1] Plaintiff effectively asks the Court to convert this motion in limine into a summary judgment motion by arguing that Defendant may not rely on alleged non-conformities in prior installments as a matter of law. (Pl.'s Moving Non-Conforming Br. 3-7.) Plaintiff did not raise this argument in its motion for summary judgment, and thus it may not do so now in the context of a pretrial in limine motion. *See Brobost v. Columbus Servs. Int'l*, 761 F.2d 148, 154 (3d Cir. 1985) (holding that district court erred in "convert[ing] an in limine motion into one for summary judgment, []without the procedural protections of notice which the federal rules require before judgment on the merits may be granted").

the Federal Rules of Evidence. (Def.'s Non-Conformities Opp'n Br. 16.) The Court agrees and finds that this evidence may be used to show that Plaintiff acted in accordance with its routine practices in connection with its performance under the 2009 Back Rib Agreement. *See Mobile Exploration & Producing U.S., Inc. v. Cajun Constr. Servs.*, 45 F.3d 96, 100 (5th Cir. 1995). Accordingly, the Court finds that this evidence is admissible.

### B. Motion to Exclude Specifications and Testimony Regarding Bone Count

Plaintiff moves separately for an adverse inference that Defendant's "spec sheets" do not reveal that Defendant's client had an 11 ribs-per-rack minimum specification and/or to bar any testimony from Defendant's witnesses about its client's ribs-per-rack specifications. (Pl.'s Rib Count Moving Br. 7, ECF No. 99-1.) In its opposition brief, Defendant argues that its customers' "spec sheets" are not relevant and that any discovery deficiency should have been addressed by a formal discovery motion. (Def.'s Rib Count Opp'n Br. 2-3, ECF No. 103.) The Court agrees that any dispute as to the production of "spec sheets" that show a "ribs-per-rack minimum specification" should have been raised in a discovery motion. In addition, a request for an adverse inference should have been raised in a spoliation motion, not in an in limine motion on the eve of trial. Furthermore, the Court finds that the record before it is insufficient for finding that Defendant intentionally withheld these "spec sheets" or that such "spec sheets" even exist. *See Reiff v. Marks*, 511 F. App'x 220, 224 (3d Cir. 2013) ("[T]o apply the [adverse] inference, 'it must appear that there has been an actual suppression or withholding of evidence.'") (quoting *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 334 (3d Cir. 1995)). Accordingly, the Court denies Plaintiff's request for an adverse inference.[2]

---

[2] The Court does not address Plaintiff's hearsay objection. This issue may be raised at trial. *See Ebenhoech v. Koppers Indus., Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) ("[R]uling [on motion in limine] should not be made prematurely if the context of trial would provide clarity.").

For the reasons set forth above, **IT IS** on this 2nd day of March 2016, ORDERED that Plaintiff's motions in limine (ECF Nos. 98, 99) are DENIED.

        s/ Michael A. Shipp
        **MICHAEL A. SHIPP**
        **UNITED STATES DISTRICT JUDGE**