**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANISH CROWN AMBA, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-4603 (MAS) (TJB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| RUPARI FOOD SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Danish Crown AMBA's ("Plaintiff" or "Danish Crown") Motion for Prejudgment and Post-Judgment Interest. (ECF No. 122-1.) Defendant Rupari Food Services, Inc. ("Defendant" or "Rupari") submitted briefs opposing Plaintiff's motion[1] (ECF Nos. 127, 129), and Plaintiff replied (ECF No. 138). The Court, having carefully considered the parties' submissions, decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### I.   **BACKGROUND**[2]

On March 16, 2016, following a seven-day trial before a jury, the Court entered a Judgment confirming a jury verdict against Defendant in the amount of $2,123,145.63. (Judgment, ECF No.

---

[1] Defendant submitted similar briefs in opposition to Plaintiff's motion. The Court will construe Defendant's filings as one opposition.

[2] The Court presided over the seven-day jury trial in this case from March 7, 2016 to March 16, 2016 and assumes familiarity with the facts.

120.) Plaintiff now moves to amend the Judgment to include prejudgment and post-judgment interest. (Pl.'s Moving Br. 1, ECF No. 122-1.)

## II. PARTIES' POSITIONS

Under New Jersey law – the governing law in the underlying contract dispute – Plaintiff argues that it is entitled to prejudgment interest to compensate Plaintiff for "lost earnings on a sum of money to which it was entitled" because of Defendant's breach of contract. (*Id.* at 2-4.) Plaintiff urges the Court to use its discretion "to determine the date on which prejudgment interest should begin to run" and requests that prejudgment interest be calculated from January 1, 2010 or, in the alternative, June 1, 2010. (*Id.* at 3-6.)

In its opposition, Defendant urges the Court to apply the four factor test employed by the Third Circuit to determine whether an award of prejudgment interest is appropriate. (Def.'s Opp'n Br. 4, ECF No. 127.) In determining whether prejudgment interest is appropriate, Defendant argues that the Court should consider the following four factors: "(1) whether the claimant has been less than diligent in prosecuting the action; (2) whether the defendant has been unjustly enriched; (3) whether an award would be compensatory; and (4) whether countervailing equitable considerations militate." (*Id.* (citing *Feather v. United Mine Workers*, 711 F.2d 530, 540 (3d Cir. 1983)).) Defendant asserts that because three of the four factors are not satisfied, Plaintiff's motion for prejudgment interest should be denied. (*Id.*)

First, Defendant argues that prejudgment interest should be denied because Plaintiff "cannot establish a claim for unjust enrichment against" Defendant. (*Id.* at 4.) In support, Defendant contends that it did not "unjustly enrich itself at the expense of [Plaintiff]." (*Id.* at 7.) Moreover, Defendant asserts that "there was no receipt of a 'benefit' or the 'retention of benefit'" to support this claim. (*Id.* at 6.) Defendant argues that because it declined to accept any shipments

of ribs from Plaintiff, it did not benefit at Plaintiff's expense. (*Id.* at 6-7.) Defendant also argues that Plaintiff may only recover for either breach of contract or unjust enrichment, but not both. (*Id.* at 5.)

Second, Defendant argues that prejudgment interest would serve no compensatory value because it would provide Plaintiff with an inequitable windfall. (*Id.* at 7-9.) Defendant's argument hinges on what Defendant claims is the unrebutted testimony that the ribs failed to conform to the Specifications[3] in the Back Rib Agreement. (*Id.* at 7-8.) In support, Defendant contends that the jury awarded Plaintiff the contracted-for value of the ribs as if the ribs were conforming and, if awarded prejudgment interest, Plaintiff would gain a windfall that would amount to the difference of contract-conforming ribs and the non-conforming ribs. (*Id.*) Thus, Defendant asserts that it could not have reasonably contemplated compensating Plaintiff for the contract price of the ribs that were non-conforming. (*Id.* at 8.)

Third, Defendant argues that equitable considerations militate against Plaintiff receiving prejudgment interest. (*Id.* at 9.) Defendant contends that it acted in good faith because it continued to accept Plaintiff's non-conforming ribs on the condition that Plaintiff "cure its supply of defective ribs." (*Id.*) Defendant adds that it lost one of its largest customers because of the persistent non-conformities. (*Id.* at 10.) Defendant argues that it provided evidence of the non-conformities to Plaintiff, and Plaintiff refused to provide any compensation for the value of the non-conforming ribs. (*Id.* at 10-11.) Furthermore, Defendant contends that equitable

---

[3] The parties entered into a contract for the purchase of wide back ribs, and refer to the contract as the "2009 Back Rib Agreement." (ECF. Nos. 131, 132, 133, 134.) The parties agreed that the ribs were to be supplied in the following specifications ("Specifications"): (1) 6cm x 10cm x 10cm; (2) or below, 23 to 25.5 ounces, or 25.5 ounces and up; (3) Always Natural Fall; (4) No Cut Off Bones; and (5) No Chinebones. (Tr. Jury Trial at 81:3-83:11, ECF No. 134.) Plaintiff agreed to package thirty-four racks of ribs per container. (*Id.*)

3

considerations support denying prejudgment interest because of Plaintiff's speculative damages calculation. (*Id.* at 11.) Defendant avers that Plaintiff improperly assumed that the non-conforming ribs should have the same value as those that were contracted for under the 2009 Back Rib Agreement, and that Plaintiff fails to provide any evidence corroborating its financial loss or clear accounting regarding its reported expenses, costs, and resale value of the non-conforming goods. (*Id.* at 11-13.) Finally, Defendant alleges that the jury rejected Plaintiff's "unreliable and self-serving calculations" once before and, by asking this Court for prejudgment interest, Plaintiff is attempting "to play fast and loose with its sleight of hand accounting[.]" (*Id.* at 13.)

In its reply, Plaintiff contends that the Third Circuit's four-factor test should not be applied here because it is only applicable for cases of federal questions – not for diversity cases – and that the four-factor test is inconsistent with New Jersey law. (Pl.'s Reply 2-3, ECF No. 138.) Plaintiff distinguishes the application of the four-factor test, arguing that the *Feather* court was asked to determine whether the defendant should pay prejudgment interest for violation of federal labor laws. (*Id.* at 3.) Plaintiff argues that "the four factor test does not apply here" because this is a breach of contract claim that is governed by state law, and that Defendant is improperly rearguing the merits of the breach of contract case. (*Id.* at 3-4.) Plaintiff emphasizes that the only question before the Court is whether Plaintiff is "entitled to prejudgment interest on the jury's verdict, not whether the verdict was correct." (*Id.*) Plaintiff reiterates that under New Jersey state law, the proper inquiry is whether equity demands "compensating a party for lost earnings on a sum of money to which it was entitled[.]" (*Id.* at 2 (citing *Cty. of Essex v. First Union Nat'l Bank*, 186 N.J. 46, 61 (2006)).)

4

### III.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 59(e), a district court may alter or amend a final judgment to include prejudgment interest. In diversity cases, federal courts must apply state law to award prejudgment interest. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494 (1941); *Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982) (holding that "federal courts in diversity cases should apply state law with respect to prejudgment interest"). The "district court may exercise [its] discretion [to award prejudgment interest] upon 'considerations of fairness' and prejudgment interest may be denied 'when its exaction would be inequitable.'" *Thabault v. Chait*, 541 F.3d 512, 533 (3d Cir. 2008) (quoting *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 982 (3d Cir. 1984)).

"Under New Jersey state law, the purpose of prejudgment interest is to 'compensate the plaintiff for the loss of income that would have been earned on the judgment had it been paid earlier.'" *Id.* (quoting *Ruff v. Weintraub*, 105 N.J. 233, 244-45 (1987)). A prejudgment interest award "on contract and equitable claims is based on equitable principles." *Cty. of Essex*, 186 N.J. at 61. Therefore, an award of prejudgment interest may run on contract claims in accordance with equitable principles. *Litton Indus., Inc. v. IMO Indus., Inc.*, 200 N.J. 372, 390 (2009); *Cty. of Essex*, 186 N.J. at 61-62. In awarding prejudgment interest,

> [t]he basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled.

*Rova Farms Resort, Inc. v. Investors Ins. Co.*, 65 N.J. 474, 506 (1974). The purpose of the award is not punitive. *Coffman v. Keene Corp.*, 257 N.J. Super. 279, 294-95 (App. Div. 1992). Rather, "[t]he 'equitable purpose of prejudgment interest is to compensate a party for lost earnings on a

5

sum of money to which it was entitled, but which has been retained by another.'" *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 158 N.J. 561, 574-75 (1999) (quoting *Sulcov v. 2100 Linwood Owners, Inc.*, 303 N.J. Super. 13, 39 (App. Div.), *certif. granted*, 152 N.J. 10 (1997)).

The decision to "award . . . prejudgment interest in a contract case is within the sound discretion of the trial court." *Litton Indus., Inc.*, 200 N.J. at 390. Similarly, it is within the discretion of the Court to determine "the rate at which prejudgment interest is calculated." *Id.* Finally, in contract cases, the trial court has discretion to determine the date on which prejudgment interest starts to accrue. *See Cty. of Essex*, 186 N.J. at 61-62 (citing *In re Estate of Lash*, 169 N.J. 20, 34 (2001)). Unlike prejudgment interest, 28 U.S.C. § 1961(a) provides that post-judgment interest is mandatory. *Dunn v. Hovic*, 13 F.3d 58, 60 (3d Cir. 1993) ("[P]ost-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it.").

## IV. DISCUSSION

### A. Prejudgment Interest

As it relates to the prejudgment interest determination, the Court concludes that New Jersey law applies in this breach of contract case. *See Litton Indus., Inc.*, 200 N.J. at 390. Here, the application for prejudgment interest is against a defendant who breached a contract governed by state law. The facts before the Court are distinguishable from the facts in *Feather*, the case raised by Defendant. The *Feather* case presented a federal question and involved an application for prejudgment interest against a defendant who had violated federal law. *See* 711 F.2d at 534-35. The Court therefore declines Defendant's invitation to apply the four-factor test outlined by the *Feather* court. Accordingly, the Court concludes that New Jersey law governs whether

6

prejudgment interest is appropriate. *See Jarvis*, 668 F.2d at 746 (holding that "federal courts in diversity cases should apply state law with respect to prejudgment interest").

The Court finds that Plaintiff is entitled to prejudgment interest to compensate Plaintiff for "lost earnings on a sum of money to which it was entitled" because of Defendant's breach of the 2009 Back Rib Agreement. *Ruff v. Weintraub*, 105 N.J. at 244-45. Here, the basic consideration that supports this finding is that Defendant had use, and Plaintiff did not, of the amount of monies related to the rejected installments under the 2009 Back Rib Agreement. The interest, therefore, is "the value of the sum awarded for the prejudgment period during which [Defendant] had the benefit of monies to which the [Plaintiff] is found to have been earlier entitled." *Rova Farms Resort, Inc.*, 65 N.J. at 506. Accordingly, Plaintiff is entitled to prejudgment interest.

For contract claims, the Court refers to the prejudgment interest rate outlined in New Jersey Court Rule 4:42-11(a)(ii) and, absent unusual circumstances, uses the rule when determining the rate for prejudgment interest. *See Napps Techs, LLC v. Kiel Labs, Inc.*, 2008 WL 5233708, at *9 (D.N.J. Dec. 12, 2008). Because "there are no unusual circumstances present in [this] case, the Court will award prejudgment interest at the rate set forth in [New Jersey] Court Rule 4:42-11[a]." *Devine v. Advanced Computer Concepts, Inc.*, 2009 WL 78158, at *3 (D.N.J. Jan. 9, 2009).

Pursuant to New Jersey Court Rule 4:42-11(a)(iii), a judgment "exceeding the monetary limit of the Special Civil Part" shall be calculated "at the rate provided in subparagraph (a)(ii) plus 2% annum." In other words, the prejudgment interest rate for each annual period is "simple interest on unpaid money judgments[.]" Pressler & Verniero, *Rules Governing the Courts of the State of New Jersey*, cmt. 1.1 on R. 4:42-11(a) (2016). The applicable interest rate is calculated by adding

2% to the Cash Management Fund Rate. *Litton Indus., Inc.*, 200 N.J. at 390. The applicable prejudgment interest rates for the relevant years are as follows:

| Annual Rates | | | |
|---|---|---|---|
| Year | Cash Management Fund Rate | Adjusted | Prejudgment Interest Rate |
| 2010 | 1.50% | 2% | 3.50% |
| 2011 | 0.50% | 2% | 2.50% |
| 2012 | 0.50% | 2% | 2.50% |
| 2013 | 0.25% | 2% | 2.25% |
| 2014 | 0.25% | 2% | 2.25% |
| 2015 | 0.25% | 2% | 2.25% |
| 2016 | 0.25% | 2% | 2.25% |

Next, the Court determines the date on which prejudgment interest starts to accrue. *Cty. of Essex*, 186 N.J. at 61-62 (stating that the trial court, in its discretion, determines the date on which prejudgment interest starts to accrue in a contract case). The Court concludes that the prejudgment interest accrual date is June 1, 2010, which is the date that Defendant breached the Back Rib Agreement. Thus, as applied to the Judgment (ECF No. 120) and displayed below, the prejudgment interest awarded to Plaintiff is $290,027.51.

| Prejudgment Interest Accrued as of June 1, 2010 | | | | | |
|---|---|---|---|---|---|
| Year | Interest Rate | Judgment | Per Diem | Days | Interest Owed |
| 2010 | 3.50% | $2,123,145.63 | $ 203.59 | 151 | $ 30,741.99 |
| 2011 | 2.50% | $2,123,145.63 | $ 145.42 | 365 | $ 53,078.64 |
| 2012 | 2.50% | $2,123,145.63 | $ 145.42 | 365 | $ 53,078.64 |
| 2013 | 2.25% | $2,123,145.63 | $ 130.88 | 365 | $ 47,770.78 |
| 2014 | 2.25% | $2,123,145.63 | $ 130.88 | 365 | $ 47,770.78 |
| 2015 | 2.25% | $2,123,145.63 | $ 130.88 | 365 | $ 47,770.78 |
| 2016 | 2.25% | $2,123,145.63 | $ 130.88 | 75 | $ 9,815.91 |
| | | | | Total | $ 290,027.51 |

**B.     Prejudgment and Post-Judgment Interest on Attorneys' Fees**

In general, attorneys' fees are not included in prejudgment interest calculations for contract actions. *N. Bergen Rex Transp., Inc.*, 158 N.J. at 574 (holding "that an award of prejudgment

interest on attorneys' fees was inappropriate" and, "[a]bsent a controlling contractual provision, permitting prejudgment interest on attorneys' fees would be contrary to [New Jersey's] strong public policy disfavoring shifting of attorneys' fees"); *Maynard v. Mine Hill Twp.*, 244 N.J. Super. 298, 300 (App. Div. 1990) (concluding "that an award of prejudgment interest on attorneys' fees was inappropriate and without legal or logical foundation under either the federal or state authorities"). The Court therefore will not include attorneys' fees in its prejudgment interest calculation. In contrast, attorneys' fees are permitted and included in the post-judgment interest calculation. 28 U.S.C. § 1961. As prescribed in the statute, the Court will include attorneys' fees in its post-judgment interest calculation.

### C. Post-Judgment Interest

Post-judgment interest is mandated under federal law. 28 U.S.C. § 1961. Plaintiff requests, and Defendant does not oppose, post-judgment interest for (1) the Judgment, (2) the prejudgment interest accrued, and (3) attorneys' fees. In its opposition, however, Defendant opposes Plaintiff's request for post-judgment interest to apply to the Bill of Costs (ECF No. 126) submitted by Plaintiff. (ECF No. 141.) Specifically, Defendant objects to certain expenses, such as the travel reimbursements for certain witnesses and a "rebooking fee," that are included in the Bill of Costs submitted by Plaintiff. (*Id.* at 2.) Defendant argues that travel fees were not booked at the most economical and reasonable rate. (*Id.* at 1-2) In support, Defendant submits flight options that were less expensive. (*Id.*) Defendant argues that the rebooking fee should not be included because the receipt is in Danish and the cost was incurred because of Plaintiff's actions. (*Id.* at 2.) Defendant also disputes the costs of Plaintiff's hotel expenses for its witnesses. (*Id.* at 3.) The Third Circuit has held that post-judgment interest accrues on costs. *See Devex Corp. v. Gen. Motors Corp.*, 749 F.2d 1020, 1026 (3d Cir. 1984) (affirming district court's holding that post-

judgment interest statute applies to award of costs). The Court determines that the expenses included in the Bills of Costs were reasonable under the circumstances, the post-judgment interest statute applies to the Bill of Costs, and includes this amount in the post-judgment interest calculation. Accordingly, the Court will calculate post-judgment interest for the (1) Judgment, (2) accrued prejudgment interest, (3) attorneys' fees, and (4) Bill of Costs. Thus, the sum of the applicable fees and costs is $2,624,107.95.

| Total Amount Available for Post-Judgment Interest | | | | |
|---|---|---|---|---|
| Judgment | Accrued Prejudgment Interest | Attorneys' Fees | Bill of Costs | **Total** |
| $2,123,145.63 | $290,027.51 | $195,942.50 | $14,992.31 | **$2,624,107.95** |

The applicable statutory provision provides that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). In addition, the "[i]nterest shall be computed daily to the date of payment . . . and shall be compounded annually." 28 U.S.C. § 1961(b). In other words, the inquiry focuses on "the date from which the post-judgment interest should run" and the interest is calculated according to the statute. *Dunn*, 13 F.3d at 60.

Here, the applicable interest rate for the Judgment entered against Defendant on March 16, 2016 is 0.68 percent.[4] The Court will award post-judgment interest at this rate. Therefore, as applied to the above amounts and displayed below, the Court concludes that the post-judgment

---

[4] The applicable interest rate is 0.68 percent for the calendar week (March 11, 2016) preceding the Judgment.

10

interest rate of 0.68 percent applied to $2,624,107.95 from March 16, 2016 to October 31, 2016[5] is $11,244.12. Plaintiff is awarded $11,244.12 in post-judgment interest.

| Post-Judgment Interest Accrued since March 16, 2016 to October 31, 2016 |||||||
|---|---|---|---|---|---|
| Applicable Dates | Applicable Interest Rate | Total | Per Diem | Days | Total Interest Owed |
| March 16, 2016 - October 31, 2016 | 0.68% | $2,624,107.95 | $ 48.89 | 230 | $ 11,244.12 |

## V.    CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's Motion for Prejudgment and Post-Judgment Interest is **GRANTED** in the amount of $290,027.51 and $11,244.12, respectively. An Order will be entered consistent with this Memorandum Opinion.

Dated: October 31st, 2016

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[5] Per the statute, should Defendant fail to render payment for the ordered amount, the failure to pay will result in an additional cost of $48.89 per day, which is in addition to the total post-judgment interest award. *See* 28 U.S.C. § 1961(b).

11